# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH SAYLOR** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 14-2466** |
| **v.** | : | |
| | : | |
| **GERALD ROZUM,** *et al.* | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                          OCTOBER 31, 2014

## MEMORANDUM OPINION

### INTRODUCTION

On September 22, 2014, United States Magistrate Judge Marilyn Heffley submitted a Report and Recommendation as to Joseph Saylor's ("Petitioner") second petition for writ of *habeas corpus* and recommended its dismissal for lack of subject matter jurisdiction due to Petitioner's failure to obtain an order from the Third Circuit Court of Appeals authorizing this district court to consider his successive petition, as required by 28 U.S.C. §2244(b)(3)(A).[1] [ECF 15]. On October 8, 2014, Petitioner filed objections to the Report and Recommendation, [ECF 16], arguing that his conviction was illegally obtained in violation of the protection against double jeopardy, a similar claim made in his first *habeas* petition challenging his conviction.[2]

For the reasons stated herein, this Court overrules Petitioner's objections to the Report

---

[1] This Report and Recommendation ("R & R") was officially made part of the record on September 23, 2014.

[2] This conviction stemmed from Petitioner's sexual assault of his five-year old nephew who was under his supervision at the time of the assault. On April 28, 2003, Petitioner was sentenced to five to ten years of imprisonment for involuntary deviate sexual intercourse, to be followed by two concurrent terms of five years of reporting probation for indecent assault and corrupting the morals of a minor. R & R, p. 1.

and Recommendation, adopts and approves the Report and Recommendation, and dismisses the writ of *habeas corpus* petition without prejudice for lack of subject matter jurisdiction.

## LEGAL STANDARD OF REVIEW

Where a court refers a writ of *habeas corpus* petition to a magistrate judge, the court shall make a *de novo* review of the portions of the report and recommendation to which objection is made. 28 U.S.C. §636(b)(1)(C); *Cont'l Cas. Co. v. Dominick D'Andrea, Inc.,* 150 F.3d 245, 250 (3d Cir. 1998). When undergoing this *de novo* review, the court may accept, reject or modify, in whole or in part, the findings and/or recommendation made by the magistrate judge. 28 U.S.C. §636(b)(1)(C). Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *Jobe v. Bank of America, N.A.*, 2011 U.S. Dist. LEXIS 115426, at *6 (M.D. Pa. Oct. 6, 2011) (citing *United States v. Raddatz*, 447 U.S. 667, 675-76 (1980) (citations omitted)).

## DISCUSSION

The United States Congress amended the *habeas* statute and enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Relevant to this matter, AEDPA provides: "*Before* a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. §2244(b)(3)(A) (emphasis added). Acting as a "'gatekeeping mechanism,'" *Felker v. Turpin*, 518 U.S. 651, 657 (1996), this section provides both procedural and substantive limits on the filing of second or successive petitions. Unless the court of appeals grants permission, the district court may not consider the second or successive petition. *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

Here, in the Report and Recommendation, the Magistrate Judge recommended the dismissal of the *habeas corpus* petition for lack of subject matter jurisdiction pursuant to AEDPA since the petition was deemed a "second or successive" petition. As stated in the Report and Recommendation, Petitioner filed an initial *habeas corpus* petition in 2007 challenging his state court conviction on the grounds of, *inter alia*, violation of the protection of double jeopardy. Similarly, the present petition argues a claim of double jeopardy. Petitioner's initial claims were dismissed in 2007 as procedurally defaulted.

The Third Circuit Court of Appeals has established that for purposes of determining whether a petition is a second or successive petition, a dismissal premised on a procedural default constitutes a determination on the merits. *United States v. Fake*, 416 F.App'x 134, 136 (3d Cir. 2011) ("The claims in Fake's original §2255 motion were denied as procedurally defaulted or meritless. The denial of a claim for habeas relief as procedurally defaulted constitutes a determination on the merits."). *See also* Report and Recommendation, p. 3.

Therefore, for this Court to have subject matter jurisdiction to entertain Petitioner's current claims, under §2244(b)(3)(A), he must receive permission from the Third Circuit Court of Appeals to file the instant (second) *habeas* petition, but has failed to do so.[3] *See Berry v. Klem*, 86 F.App'x 516, 517 (3d Cir. 2004) (citing *Ray v. Eyster*, 132 F.3d 152, 155-56 (3d Cir. 1997)). Contrary to Petitioner's assumption that this Court has subject matter jurisdiction, as well as supplemental jurisdiction over his state-law claims, this Court clearly does not. *See* Obj., p. 1. Under the statute and case law cited, this Court must either dismiss the petition or transfer it to

---

[3] Wherein Petitioner also challenges the same conviction as in violation of the protection against double jeopardy.

3

the Third Circuit Court of Appeals pursuant to 28 U.S.C. §1631.[4] *U.S. v. Savage*, 466 F.App'x

68, 70 (3d Cir. 2012) (quoting *Robinson*, 313 F.3d at 139 (quotation marks omitted)); *see also*

*U.S. v. Tam*, 2005 WL 1030197, at *4 (E.D Pa. May 3, 2005).

As noted in the Report and Recommendation, the appellate court cannot authorize a filing

of a second or successive *habeas* petition unless the petitioner can make a *prima facie* case that

he satisfies the standards set forth in §2244(b), as amended in AEDPA; *to wit*:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C.A. § 2244(b)(2).[5]

Here, Petitioner objects to the recommendation against transfer and argues that a new rule

of constitutional law applies, federal and state double jeopardy attaches, and the existence of

newly discovered evidence, citing to a Pennsylvania Law Weekly article highlighting a sexual

---

[4] If a "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred." 28 U.S.C.A. §1631.

[5] Report and Recommendation, pp. 4-5

4

abuse case that was reversed and remanded on the issue of double jeopardy. *See* Obj., unnumbered p. 7. As aptly set forth in the Report and Recommendation, pp. 5-6, Petitioner has failed to satisfy the above requirements and it "would not be in the interest of justice to transfer the petition to the Third Circuit Court of Appeals as an application for leave to file a second or successive petition" *See Robinson*, 313 F.3d at 139 (Section 1631 only authorizes transfer "if it is in the interest of justice."). Petitioner's claim of double jeopardy was presented in his first *habeas* petition. Petitioner's attempt to equate an article of sexual abuse and double jeopardy as newly discovered evidence fails and is without merit. Even with a liberal reading of Petitioner's objections, this Court is satisfied with the Magistrate Judge's finding that Petitioner failed to adequately comply with §2244(b) to warrant a transfer to the appellate court for consideration. This Court finds that under the present circumstances and as recommended by the Magistrate Judge, there is no basis or substantial showing of a denial of a constitutional right requiring the issuance of a certificate of appealability. *See Tam*, 2005 WL 1030197, at *4.

**CONCLUSION**

Consequently, having carefully reviewed *de novo*, the file pleadings and for the reasons set forth herein, Petitioner's objections are overruled and the instant petition is dismissed without prejudice for lack of subject matter jurisdiction. An appropriate order follows.

*NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.*